UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


SCOTT WEIL-ALLEN,

                Plaintiff,

v.

SPACE EXPLORATION
TECHNOLOGIES CORP.,

                Defendant.

Case No.:

State Court Case No.: 05-2025-CA-044756

_____/

**SPACE EXPLORATION TECHNOLOGIES CORP.'S NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Space Exploration Technologies Corp. ("SpaceX"), by its undersigned counsel, pursuant to 28 U.S.C. §§ 1331, 1332(a), 1441 and 1446, hereby removes the above-titled action from the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida, Case No. 05-2025-CA-044756 (the "State Court Action") to the United States District Court for the Middle District of Florida, Orlando Division.

**I.      FACTUAL ALLEGATIONS**

1.      On August 20, 2025, Scott Weil-Allen ("Plaintiff") filed a one-count Complaint for premises liability against SpaceX.

2.      On August 28, 2025, SpaceX was served with the Summons and Complaint.

3.      Plaintiff is a Florida resident residing in Brevard County, Florida. *See* Complaint at ¶ 2.

4.      SpaceX is a foreign corporation incorporated and organized under the laws of Texas, with its principal place of business in Starbase, Texas. *See* Affidavit Of Jordan Buss In Support Of Defendant Space Exploration Technologies Corp's Notice Of Removal (the "SpaceX

Affidavit"), which is attached hereto and incorporated herein as **Exhibit A**.

5.      In the Complaint, Plaintiff alleges that he sustained injuries after "he collided with another individual while using the one-person emergency egress chute designed to evacuate astronauts from the launch tower, . . ." *See* Complaint at ¶¶ 10-11.

6.      Plaintiff's alleged damages are $223,212.78, pursuant to the breakdown of medical damages provided in his Initial Disclosure.  A true and correct copy of Plaintiff's Initial Disclosure is attached hereto and incorporated herein as **Exhibit B**.

7.      The "launch tower" upon which the subject incident occurred is Cape Canaveral Space Launch Complex 40 (SLC-40).  *See* SpaceX Affidavit at ¶ 7.

8.      SLC-40 is located on Cape Canaveral Space Force Station, a federal enclave.  *Id.* at ¶ 8; *see also Lord v. Local Union No. 2088, Intern. Broth. of Elec. Workers, AFL-CIO*, 646 F.2d 1057, 1059 (5th Cir. 1981); *Int'l Union, United Plant Guard Workers of Am. v. Johnson Controls World Services, Inc*., 100 F.3d 903, 904 (11th Cir. 1996).

9.      Pursuant to 28 U.S.C. §§ 1441(a) and 1446, the Complaint is removable to this Court because SpaceX has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1332(a).

10.      In accordance with 28 U.S.C. § 1446(d), concurrent with the filing of this Notice of Removal, SpaceX is giving written notice to the Plaintiff and to the Circuit Court for the Eighteenth Judicial Circuit in and for Brevard County, Florida of its filing of this Notice of Removal.

## II.      THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET

11.      On August 28, 2025, SpaceX was served with the Summons and Complaint. The Notice of Removal has been filed within 30 days thereof, and is therefore timely under 28 U.S.C.

§ 1446(b).

12.     Venue is proper in this Court because it corresponds to the district and division where this litigation was filed, *i.e.*, the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida is located in the Middle District of Florida, Orlando Division. *See* 28 U.S.C. § 144l(a).

13.     As per 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon SpaceX, as well as a copy of each paper docketed in the State Court Action are attached hereto.  *See* **Composite Exhibit C**.

### III.    GROUNDS FOR REMOVAL

14.     The State Court Action is removable to this Court, and this Court has original jurisdiction over the State Court Action, because the parties in this action are citizens of different states and the amount in controversy exceeds seventy-five thousand dollars ($75,000). *See* 28 U.S.C. §§ 1332 and 1441(a).  Notwithstanding, this action is also removable to this Court because this Court has federal question jurisdiction, as the accident alleged in the Complaint occurred on Cape Canaveral Space Force Station, a federal enclave.  *See* 28 U.S.C. §§ 1331 and 1441(a).

### A.     Diversity Jurisdiction

15.     This Court has original jurisdiction of this action under the provisions of 28 U.S.C. § 1332.  This is a civil action with an amount in controversy exceeding the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

16.     Plaintiff is a Florida resident residing in Brevard County, Florida.  *See* Complaint at ¶ 2.

17.     SpaceX is a foreign corporation incorporated in Texas, with its principal place of business in Starbase, Texas.  *See* SpaceX Affidavit at ¶¶ 4-5.

83098251;1

18.      Plaintiff's alleged damages are $223,212.78, pursuant to the breakdown of medical damages provided in his Initial Disclosure. *See* Exhibit B.

19.      Therefore, SpaceX properly invokes this Court's diversity removal jurisdiction as the parties are diverse and the amount in controversy exceeds $75,000.00.

**B.      Federal Question Jurisdiction**

20.      Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

21.      Pursuant to 28 U.S.C. § 1331, "The district courts shall have original jurisdiction [over] all civil actions arising under the Constitution, laws, or treaties of the United States." *Id*. at § 1331.

22.      Under the Constitution the United States has the power to acquire land from the states for certain specified uses and to exercise exclusive jurisdiction over such lands, which are known as federal enclaves.  *See* U.S. Const. art. I § 8, cl. 17.

23.      The jurisdiction exercised by the United States over federal enclaves is exclusive unless the deed of cession provides to the contrary or unless the cession is not accepted in the manner required by law.  *Lord v. Local Union No. 2088, Intern. Broth. of Elec. Workers, AFL-CIO*, 646 F.2d 1057, 1059 (5th Cir. 1981).

24.      Cape Canaveral Space Force Station is a federal enclave over which the United States has exclusive jurisdiction.  *Id.*; *see also Int'l Union, United Plant Guard Workers of Am. v. Johnson Controls World Services, Inc*., 100 F.3d 903, 904 (11th Cir. 1996) ("Cape Canaveral is a federal enclave, ceded by the state of Florida to the federal government in 1955.").

83098251;1

25.     Specifically,

> The land on which Cape Canaveral Air Force Station[1] is located has been ceded to the United States by the State of Florida. The deed of cession, dated January 25, 1955, is signed by Governor LeRoy Collins. Under the terms of the deed, exclusive jurisdiction over the ceded lands is granted to the United States, although concurrent jurisdiction is reserved for service of civil and criminal process.[2] The cession was accepted by the United States by a letter dated October 18, 1955, signed by James H. Douglas, Under Secretary of the Air Force.

*Lord v. Local Union No. 2088*, 481 F. Supp. 419, 424 (M.D. Fla. 1979), aff'd in part, rev'd in part sub nom. *Lord v. Local Union No. 2088*, Intern. Broth. of Elec. Workers, AFL-CIO, 646 F.2d 1057 (5th Cir. 1981).

26.     The "launch tower" upon which the subject incident occurred is the SpaceX launch pad at Cape Canaveral Space Launch Complex 40 (SLC-40).  *See* SpaceX Affidavit at ¶ 7.

27.     SLC-40 is located on Cape Canaveral Space Force Station, an undisputed federal enclave.  *Id*. at ¶ 8; *see also Lord v. Local Union No. 2088, Intern. Broth. of Elec. Workers, AFL-CIO*, 646 F.2d 1057, 1059 (5th Cir. 1981); *Lord v. Local Union No. 2088*, 481 F. Supp. 419, 424 (M.D. Fla. 1979), aff'd in part, rev'd in part sub nom. *Lord v. Local Union No. 2088*, Intern. Broth. of Elec. Workers, AFL-CIO, 646 F.2d 1057 (5th Cir. 1981); *Int'l Union, United Plant Guard Workers of Am. v. Johnson Controls World Services, Inc*., 100 F.3d 903, 904 (11th Cir. 1996).

28.     Therefore, this Court has original jurisdiction under 28 U.S.C. § 1331.

WHEREFORE, Defendant Space Exploration Technologies Corp. respectfully requests that this action be removed from the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida to the United States District Court for the Middle District of Florida,

---

[1] As of December 9, 2020, the Cape Canaveral Air Force Station is now known as the Cape Canaveral Space Force Station.

[2] Retention of jurisdiction for service of process does not alter the conclusion that the United States has acquired exclusive jurisdiction. *See United States v. State Tax Commission*, 412 U.S. 363, 372, 93 S.Ct. 2183, 2189, 37 L.Ed.2d 1 (1973).

Orlando Division; that this Court accepts jurisdiction over this action; and that SpaceX be awarded

all further relief to which it may be entitled.

DATED: September 29, 2025               Respectfully submitted,

                                        By: */s/ William C. Handle*
                                        Megan Costa DeLeon, Esq.
                                        Florida Bar No. 0560731
                                        William C. Handle, Esq.
                                        Florida Bar No. 1002425
                                        AKERMAN LLP
                                        420 S. Orange Ave., Ste. 1200
                                        Orlando, Florida 32801
                                        Telephone: (407) 423-4000
                                        Facsimile: (407) 843-6610
                                        Primary Email: megan.deleon@akerman.com
                                        Primary Email: william.handle@akerman.com
                                        Secondary Email: wanda.thomas@akerman.com
                                        Secondary Email: suzy.miller@akerman.com
                                        Secondary Email: melissa.tejada@akerman.com
                                        *Attorneys for Plaintiff, Space Exploration*
                                        *Technologies Corp.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 29th day of September, 2025, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system.  I also certify that a true and correct copy of the foregoing was served this day via electronic mail to Plaintiff's counsel of record as follows:

Edward C. Combs, Jr., Esquire
Morgan & Morgan, P.A.
158 N. Harbor City Blvd.
Melbourne, FL 32935
Primary Email: ecombs@forthepeople.com
Secondary Email: alishaedwards@forthepeople.com
*Counsel for Plaintiff*

                                        */s/ William C. Handle*
                                        Attorney