UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SCOTT WEIL-ALLEN,**

    Plaintiff,

**v.**                                                    Case No. 6:25-cv-01881-CEM-LHP

**SPACE EXPLORATION
TECHNOLOGIES CORP.,**

    Defendant.

_____/

**SPACE EXPLORATION TECHNOLOGIES CORP.'S
ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

Space Exploration Technologies Corp. ("SpaceX"), by and through its undersigned counsel, hereby responds to the Complaint filed by Plaintiff, Scott Weil-Allen ("Plaintiff"), and states as follows:

1. Admitted for jurisdictional purposes only; denied that Plaintiff is entitled to damages in any amount. Otherwise, denied.

2. Admitted.

3. Admit that SpaceX is a for-profit corporation domiciled in Texas, with its principal place of business in Texas, and licensed to do business in the State of Florida. Otherwise, denied.

4. Denied.

5. Admitted that on February 28, 2025, Plaintiff visited Cape Canaveral Space Launch Complex 40 (SLC-40); otherwise, denied.

83729817;1

6. Denied.

## COUNT I – CLAIM FOR PREMISES LIABILITY AGAINST DEFENDANT, SPACE EXPLORATION TECHNOLOGIES CORP

7. SpaceX restates and incorporates as if fully set forth herein its responses to paragraphs 1 through 6 of the Complaint.

8. Denied.

9. Denied, including all subparts.

10. Admitted that Plaintiff utilized the emergency egress chute located at SLC-40; otherwise, denied.

11. Denied.

SpaceX specifically denies that Plaintiff is entitled to any of the relief set forth in the unnumbered *ad damnum* clauses of the Complaint.

## GENERAL DENIAL

SpaceX denies each prayer for relief in the Complaint and Wherefore clauses.

Each and every allegation that is not specifically admitted is, therefore, denied.

In addition to the other matters set forth in this Answer, SpaceX denies the allegations of all paragraphs of the Complaint to the extent they assert legal conclusions as such allegations and assertions of legal conclusions must be determined in due course based on all facts and circumstances at issue during this litigation.

## AFFIRMATIVE DEFENSES

SpaceX asserts the following affirmative defenses and reserves its right to amend and/or add affirmative defenses as additional information is learned through

83729817;1

discovery.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff proximately caused or contributed to his alleged injuries by his own negligence in the following non-exclusive particulars: failing to act responsibly to protect his own safety; failing to act in a reasonable way to avoid being injured; and other acts of negligence and fault which may be proven at trial. Therefore, the damages, if any, which might be recovered in this action, should be barred or reduced according to Florida law in proportion to the amount of Plaintiff's own negligence.

## THIRD AFFIRMATIVE DEFENSE

To the extent that the evidence at trial establishes that Plaintiff failed to mitigate his damages, any recovery should be reduced accordingly.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff knowingly, voluntarily and deliberately assumed the risk of any injuries alleged in the Complaint by entering the premises and undertaking various activities there with full knowledge and awareness of any alleged dangerous conditions.

## FIFTH AFFIRMATIVE DEFENSE

Any alleged dangerous condition that existed upon the described premises was open and obvious, or alternatively, Plaintiff's knowledge of the alleged dangerous condition was at least as great as that of SpaceX, thereby discharging the duty to warn,

83729817;1

if any, and barring Plaintiff's action against SpaceX.

## SIXTH AFFIRMATIVE DEFENSE

The damages alleged in Plaintiff's Complaint, if any, were proximately caused by the intervening and/or superseding acts or omissions of others for whom SpaceX bears no legal responsibility.

## SEVENTH AFFIRMATIVE DEFENSE

SpaceX had no actual or constructive notice of any allegedly dangerous or defective condition as required under Florida law for premises liability claims, and therefore SpaceX had no duty to warn or correct any such condition.

## EIGHTH AFFIRMATIVE DEFENSE

SpaceX did not breach any duty of care owed to Plaintiff, as SpaceX maintained the premises in a reasonably safe condition, inspected the premises regularly, and exercised reasonable care in the maintenance, inspection, repair, warning, and mode of operation of the premises.

## NINTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's damages, in whole or in part, may have been caused by the fault of one or more third parties, SpaceX should be liable, if at all, only for its proportional share of liability pursuant to Fla. Stat. § 768.81(3) and *Fabre v. Martin*, 623 So. 2d 1182 (Fla. 1993). Any culpable third- or non-parties should appear on the verdict form for purposes of apportionment of fault. *Id.* The identities of such third parties, if any, are not presently known but will be disclosed if and when that information is learned, but include, without limitation, NASA and the second fire

83729817;1

rescue individual that allegedly came into contact with Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has received payments or contributions from collateral sources, any recovery by Plaintiff in this case must be reduced by the value of all benefits received by his from collateral sources pursuant to the applicable provisions of the Florida Statutes.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's past and future damages, if any, should be reduced or set off by the amount of any governmental or charitable benefits available to the Plaintiff, or otherwise utilized to pay such expenses.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff's alleged injuries and damages were the result of pre-existing conditions.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff was not a business invitee and/or guest of SpaceX and SpaceX did not owe or breach any such duty of care to Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

SpaceX owed no duty to Plaintiff because SpaceX did not have control over the subject location at the time of the alleged incident.

## FIFTEENTH AFFIRMATIVE DEFENSE

SpaceX is entitled to the benefit of any and all health insurance contractual adjustments, if any, and only that adjusted sum should be presented to the jury as

83729817;1

Plaintiff's damages allegedly incurred in connection with the alleged incident. *See generally Goble v. Frohman*, 901 So. 2d 830 (Fla. 2005).

### SIXTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's injuries are not causally related to subject accident, and therefore, the damages, if any, which might be recovered in this action, should be barred or reduced according to Florida law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be barred or reduced by Florida and federal law, including but not limited to, sovereign immunity, spaceflight entity liability immunity, the *Feres* doctrine and the government contractor defense. Additionally, the Court lacks subject matter jurisdiction over Plaintiff's claims.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to satisfy all conditions precedent prior to filing this action.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of accord and satisfaction, estoppel, release and waiver to the extent Plaintiff released SpaceX from liability before or after the subject incident, or released claims against SpaceX.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, should be reduced or set off against any damages owed by Plaintiff to SpaceX pursuant to the Counterclaim.

**WHEREFORE**, Defendant Space Exploration Technologies Corp. prays that Plaintiff Scott Weil-Allen (i) take nothing by way of his Complaint, (ii) for judgment

83729817;1

in its favor and against Plaintiff, Scott Weil-Allen, (iii) for its costs incurred in this action, and (iv) for all other just and proper relief.

## **COUNTERCLAIM**

Defendant/Counterclaim Plaintiff, Space Exploration Technologies Corp ("SpaceX"), by and through undersigned counsel, hereby sues and files this Counterclaim against Plaintiff/Counterclaim Defendant, Scott Weil-Allen ("Counterclaim Defendant"), and states:

### **Parties, Jurisdiction and Venue**

1. Counterclaim Plaintiff SpaceX is a corporation incorporated and organized under the laws of Texas, with its principal place of business in Starbase, Texas.

2. Counterclaim Defendant is a Florida resident residing in Brevard County, Florida.

3. This Court has subject matter jurisdiction over the Counterclaim pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Alternatively, the Court has original jurisdiction over the Counterclaim pursuant to 28 U.S.C. § 1331 because the subject incident occurred at Cape Canaveral Space Launch Complex 40 (SLC-40). SLC-40 is located on Cape Canaveral Space Force Station, a federal enclave.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this

83729817;1

District.

## Factual Allegations

6. SpaceX is the owner of an Inclined Escape Chute type AT-1 (the "Escape Chute") located at Cape Canaveral Space Launch Complex 40 (SLC-40).

7. Pursuant to contract, NASA requires that SpaceX provide pad rescue training for the Kennedy Space Center Fire Rescue personnel who will be servicing SLC-40 in the event of an emergency.

8. As part of this required training, the fire rescue personnel receive training on the emergency egress system, which includes *inter alia*, familiarization of the emergency egress system and how to properly use the emergency egress system wearing turnout gear.

9. NASA also requires that SpaceX allow the fire rescue personnel to slide down the Escape Chute as part of their training.

10. On February 28, 2025, Counterclaim Defendant visited SLC-40 to complete the training required by SpaceX's contract with NASA.

11. During the training, Counterclaim Defendant was expressly trained on how to properly slide down the Escape Chute.

12. Counterclaim Defendant was expressly directed and trained that there are only two approved and trained configurations: (i) to remove his oxygen tank and slide down the Escape Chute feet first with oxygen tank on his lap; or (ii) slide down the Escape Chute on his stomach, head first with the oxygen tank on his back. Both of these approved and trained configurations are designed for safety, including by

83729817;1

preventing tearing to the Escape Chute.

13. Counterclaim Defendant was directed that he was *not* to remove his helmet while sliding down the Escape Chute in any scenario.

14. Counterclaim Defendant owed SpaceX a duty to exercise reasonable care when using SpaceX's Escape Chute.

15. In the first two practice descents, Counterclaim Defendant safely descended the Escape Chute using an approved and trained configuration.

16. On the third and final descent evolution, and despite the training he had just received and successfully practiced, Counterclaim Defendant willfully, carelessly, recklessly, and negligently utilized the Escape Chute without exercising reasonable care and in an unapproved configuration.

17. Specifically, Counterclaim Defendant willfully, carelessly, recklessly, and negligently elected *not* to utilize either one of the two approved and trained configurations. Instead, Counterclaim Defendant willfully and negligently elected to (i) remove his helmet, and (ii) slide down the Escape Chute feet first with the oxygen tank still attached to his back.

18. As a direct and proximate result of Counterclaim Defendant's willful, careless, reckless, and negligent actions, Counterclaim Defendant caused significant and debilitating damage to the Escape Chute due to the friction and tearing from his oxygen tank. The Escape Chute was damaged beyond repair and must be replaced.

19. SpaceX has been damaged as a result of Counterclaim Defendant's negligent actions.

83729817;1

20. The cost to replace the damaged slide is at least $98,300.00, which only includes the cost of the chute hardware. Substantial additional engineering and other labor hour costs have been or will be incurred in responding to the damage caused by Counterclaim Defendant's negligent conduct, including for installing a replacement chute.

21. Prior to the incident, the Escape Chute was in good working condition and regularly maintained.

## COUNT I - NEGLIGENCE

22. SpaceX adopts and incorporates the assertions contained in paragraphs 1 through 21 above as if fully set forth herein.

23. Counterclaim Defendant owed SpaceX a duty to exercise reasonable care when using SpaceX's Escape Chute.

24. Counterclaim Defendant breached that duty and standard of care by, *inter alia*, willfully, carelessly, recklessly, and negligently failing to utilize the Escape Chute pursuant to his training and in a safe and non-negligent manner.

25. As a direct and proximate result of Counterclaim Defendant's breach of duty and standard of care, Counterclaim Defendant damaged SpaceX's Escape Chute.

26. As a direct and proximate result of Counterclaim Defendant's negligence, SpaceX has suffered damages.

**WHEREFORE**, Counterclaim Plaintiff requests that this Court enter judgment (i) finding that Counterclaim Defendant was negligent; (ii) awarding damages to Counterclaim Plaintiff; (iii) awarding court costs and interest to Counterclaim

Plaintiff; and (iv) awarding such other and further relief as the Court finds just and proper under the circumstances.

DATED: October 27, 2025

Respectfully submitted,

By: */s/ William C. Handle*
Megan Costa DeLeon, Esq.
Florida Bar No. 0560731
William C. Handle, Esq.
Florida Bar No. 1002425
AKERMAN LLP
420 S. Orange Ave., Ste. 1200
Orlando, Florida 32801
Telephone: (407) 423-4000
Facsimile: (407) 843-6610
Primary Email: megan.deleon@akerman.com
Primary Email: william.handle@akerman.com
Secondary Email: wanda.thomas@akerman.com
Secondary Email: suzy.miller@akerman.com
Secondary Email: melissa.tejada@akerman.com
*Attorneys for Defendant, Space Exploration Technologies Corp.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 27th day of October, 2025, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system. I also certify that a true and correct copy of the foregoing was served this day via electronic mail to Plaintiff's counsel of record as follows:

Edward C. Combs, Jr., Esquire
Morgan & Morgan, P.A.
158 N. Harbor City Blvd.
Melbourne, FL 32935
Primary Email: ecombs@forthepeople.com
Secondary Email: alishaedwards@forthepeople.com
*Attorneys for Plaintiff*

*/s/ William C. Handle*
William C. Handle

83729817;1