UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SCOTT WEIL-ALLEN,**

    Plaintiff,

v.                                      Case No. 6:25-cv-01881-CEM-LHP

**SPACE EXPLORATION
TECHNOLOGIES CORP.,**

    Defendant.

_____/

**SPACE EXPLORATION TECHNOLOGIES CORP.'S
AMENDED ANSWER, AFFIRMATIVE DEFENSES**

    Space Exploration Technologies Corp. ("SpaceX"), by and through its undersigned counsel, hereby files this amended response to the Complaint filed by Plaintiff, Scott Weil-Allen ("Plaintiff"), and states as follows:

    1.    Admitted for jurisdictional purposes only; denied that Plaintiff is entitled to damages in any amount. Otherwise, denied.

    2.    Admitted.

    3.    Admit that SpaceX is a for-profit corporation domiciled in Texas, with its principal place of business in Texas, and licensed to do business in the State of Florida. Otherwise, denied.

    4.    Denied.

    5.    Admitted that on February 28, 2025, Plaintiff visited Cape Canaveral Space Launch Complex 40 (SLC-40); otherwise, denied.

84565541;2

6. Denied.

## COUNT I – CLAIM FOR PREMISES LIABILITY AGAINST DEFENDANT, SPACE EXPLORATION TECHNOLOGIES CORP

7. SpaceX restates and incorporates as if fully set forth herein its responses to paragraphs 1 through 6 of the Complaint.

8. Denied.

9. Denied, including all subparts.

10. Admitted that Plaintiff utilized the emergency egress chute located at SLC-40, and that Plaintiff's alleged injuries were due to the negligence of another individual, Andrew Morgan. Otherwise, denied.

11. Denied.

SpaceX specifically denies that Plaintiff is entitled to any of the relief set forth in the unnumbered *ad damnum* clauses of the Complaint.

## GENERAL DENIAL

SpaceX denies each prayer for relief in the Complaint and Wherefore clauses.

Each and every allegation that is not specifically admitted is, therefore, denied.

In addition to the other matters set forth in this Answer, SpaceX denies the allegations of all paragraphs of the Complaint to the extent they assert legal conclusions as such allegations and assertions of legal conclusions must be determined in due course based on all facts and circumstances at issue during this litigation.

## AFFIRMATIVE DEFENSES

SpaceX asserts the following affirmative defenses and reserves its right to amend

84565541;2

and/or add affirmative defenses as additional information is learned through discovery.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff proximately caused or contributed to his alleged injuries by his own negligence in the following non-exclusive particulars: failing to act responsibly to protect his own safety; failing to act in a reasonable way to avoid being injured; and other acts of negligence and fault which may be proven at trial. Therefore, the damages, if any, which might be recovered in this action, should be barred or reduced according to Florida law in proportion to the amount of Plaintiff's own negligence.

**THIRD AFFIRMATIVE DEFENSE**

To the extent that the evidence at trial establishes that Plaintiff failed to mitigate his damages, any recovery should be reduced accordingly.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff knowingly, voluntarily and deliberately assumed the risk of any injuries alleged in the Complaint by entering the premises and undertaking various activities there with full knowledge and awareness of any alleged dangerous conditions.

**FIFTH AFFIRMATIVE DEFENSE**

Any alleged dangerous condition that existed upon the described premises was open and obvious, or alternatively, Plaintiff's knowledge of the alleged dangerous

condition was at least as great as that of SpaceX, thereby discharging the duty to warn, if any, and barring Plaintiff's action against SpaceX.

## SIXTH AFFIRMATIVE DEFENSE

The damages alleged in Plaintiff's Complaint, if any, were proximately caused by the intervening and/or superseding acts or omissions of others for whom SpaceX bears no legal responsibility.

## SEVENTH AFFIRMATIVE DEFENSE

SpaceX had no actual or constructive notice of any allegedly dangerous or defective condition as required under Florida law for premises liability claims, and therefore SpaceX had no duty to warn or correct any such condition.

## EIGHTH AFFIRMATIVE DEFENSE

SpaceX did not breach any duty of care owed to Plaintiff, as SpaceX maintained the premises in a reasonably safe condition, inspected the premises regularly, and exercised reasonable care in the maintenance, inspection, repair, warning, and mode of operation of the premises.

## NINTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's damages, in whole or in part, may have been caused by the fault of one or more third parties, SpaceX should be liable, if at all, only for its proportional share of liability pursuant to Fla. Stat. § 768.81(3) and *Fabre v. Martin*, 623 So. 2d 1182 (Fla. 1993). Any culpable third- or non-parties should appear on the verdict form for purposes of apportionment of fault. *Id*. The identities of such third parties, if any, are not presently known but will be disclosed if and when that

84565541;2

information is learned, but include, without limitation, NASA and the second fire rescue individual, Andrew Morgan, that caused Plaintiff's alleged injuries due to his negligence.

## TENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has received payments or contributions from collateral sources, any recovery by Plaintiff in this case must be reduced by the value of all benefits received by his from collateral sources pursuant to the applicable provisions of the Florida Statutes.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's past and future damages, if any, should be reduced or set off by the amount of any governmental or charitable benefits available to the Plaintiff, or otherwise utilized to pay such expenses.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff's alleged injuries and damages were the result of pre-existing conditions.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff was not a business invitee and/or guest of SpaceX and SpaceX did not owe or breach any such duty of care to Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

SpaceX owed no duty to Plaintiff because SpaceX did not have control over the subject location at the time of the alleged incident.

84565541;2

### FIFTEENTH AFFIRMATIVE DEFENSE

SpaceX is entitled to the benefit of any and all health insurance contractual adjustments, if any, and only that adjusted sum should be presented to the jury as Plaintiff's damages allegedly incurred in connection with the alleged incident. *See generally Goble v. Frohman*, 901 So. 2d 830 (Fla. 2005).

### SIXTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's injuries are not causally related to subject accident, and therefore, the damages, if any, which might be recovered in this action, should be barred or reduced according to Florida law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be barred or reduced by Florida and federal law, including but not limited to, sovereign immunity, spaceflight entity liability immunity, the *Feres* doctrine and the government contractor defense. Additionally, the Court lacks subject matter jurisdiction over Plaintiff's claims.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to satisfy all conditions precedent prior to filing this action.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of accord and satisfaction, estoppel, release and waiver to the extent Plaintiff released SpaceX from liability before or after the subject incident, or released claims against SpaceX.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, should be reduced or set off against any damages

84565541;2

owed to Plaintiff by Andrew Morgan.

**WHEREFORE**, Defendant Space Exploration Technologies Corp. prays that Plaintiff Scott Weil-Allen (i) take nothing by way of his Complaint, (ii) for judgment in its favor and against Plaintiff, Scott Weil-Allen, (iii) for its costs incurred in this action, and (iv) for all other just and proper relief.

DATED: December 18, 2025            Respectfully submitted,

By: /s/ William C. Handle
Megan Costa DeLeon, Esq.
Florida Bar No. 0560731
William C. Handle, Esq.
Florida Bar No. 1002425
AKERMAN LLP
420 S. Orange Ave., Ste. 1200
Orlando, Florida 32801
Telephone: (407) 423-4000
Facsimile: (407) 843-6610
Primary Email: megan.deleon@akerman.com
Primary Email: william.handle@akerman.com
Secondary Email: wanda.thomas@akerman.com
Secondary Email: suzy.miller@akerman.com
Secondary Email: melissa.tejada@akerman.com
*Attorneys for Defendant, Space Exploration Technologies Corp.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 18, 2025, a true and correct copy of the foregoing was filed with the Clerk of the Court for the United States District Court for the Middle District of Florida by using its CM/ECF system, which will serve an electronic copy on all counsel of record.

/s/ William C. Handle
William C. Handle

84565541;2