UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SCOTT WEIL-ALLEN,**

    Plaintiff,

**v.**                                                      Case No. 6:25-cv-01881-CEM-LHP

**SPACE EXPLORATION**
**TECHNOLOGIES CORP.,**

    Defendant/Third-Party Plaintiff,

**v.**

**ANDREW MORGAN,**

    Third-Party Defendant.

_____/

**SPACE EXPLORATION TECHNOLOGIES CORP.'S**
**THIRD-PARTY COMPLAINT AGAINST ANDREW MORGAN**

Defendant/Third-Party Plaintiff, Space Exploration Technologies Corp. ("SpaceX"), by and through undersigned counsel, hereby sues and files this Third-Party Complaint against Third-Party Defendant Andrew Morgan ("Third-Party Defendant"), and states:

**Parties, Jurisdiction and Venue**

1. Third-Party Plaintiff SpaceX is a corporation incorporated and organized under the laws of Texas, with its principal place of business in Starbase, Texas.

2. Third-Party Defendant is a Florida resident residing in Volusia County, Florida.

3. Scott Weil-Allen ("Plaintiff") is Florida resident residing in Brevard County, Florida. Scott Weil-Allen is the Plaintiff in the underlying action.

4. This Court has original jurisdiction over the claims in the Third-Party Complaint pursuant to 28 U.S.C. § 1331 because the subject incident occurred at Cape Canaveral Space Launch Complex 40 (SLC-40). SLC-40 is located on Cape Canaveral Space Force Station, a federal enclave.

5. This Court may also exercise supplemental jurisdiction over the claims in the Third-Party Complaint pursuant to 28 U.S.C. § 1367(a) because the claims stated herein are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## Factual Allegations

7. SpaceX is the owner of an Inclined Escape Chute type AT-1 (the "Escape Chute") located at Cape Canaveral Space Launch Complex 40 (SLC-40).

8. Pursuant to contract, NASA requires that SpaceX provide pad rescue training for the Kennedy Space Center Fire Rescue personnel who will be servicing SLC-40 in the event of an emergency.

9. As part of this required training, the fire rescue personnel receive training on the emergency egress system, which includes among other things, familiarization

84914637;1

with the emergency egress system and how to properly use the emergency egress system while wearing turnout gear.

10. NASA also requires that SpaceX allow the fire rescue personnel to slide down the Escape Chute as part of their training.

11. On February 28, 2025, Plaintiff and Third-Party Defendant attended training at SLC-40, as required by SpaceX's contract with NASA.

12. During the training, Plaintiff and Third-Party Defendant were expressly trained on how to properly slide down the Escape Chute.

13. Plaintiff and Third-Party Defendant were expressly directed and trained that there are only two approved and trained configurations: (i) to remove their oxygen tank and slide down the Escape Chute feet first with oxygen tank on their lap; or (ii) slide down the Escape Chute on their stomach, head first with the oxygen tank on their back.  Both of these approved and trained configurations are optimized for safety because they minimize the risk of equipment catching on the interior of the Escape Chute, which can cause tearing or dangerously slow the rider.

14. Plaintiff and Third-Party Defendant were also directed that they were *not* to remove their helmets while sliding down the Escape Chute in any scenario.

15. Third-Party Defendant owed Plaintiff and SpaceX a duty to exercise reasonable care when using SpaceX's Escape Chute.

16. In the first two practice descents, Plaintiff and Third-Party Defendant safely descended the Escape Chute using an approved and trained configuration.

84914637;1

17. On the third and final descent evolution, and despite the training he had just received and successfully practiced, Third-Party Defendant willfully, carelessly, recklessly, and negligently utilized the Escape Chute without exercising reasonable care and in an unapproved configuration.

18. Specifically, Third-Party Defendant willfully, carelessly, recklessly, and negligently elected *not* to utilize either one of the two approved and trained configurations. Instead, Third-Party Defendant willfully and negligently elected to slide down the Escape Chute feet first with the oxygen tank still attached to his back.

19. As a direct and proximate result of Third-Party Defendant's willful, careless, reckless, and negligent actions, Third-Party Defendant caused significant damage to the Escape Chute due to the friction and tearing from his oxygen tank.

20. Also, as a direct and proximate result of Third-Party Defendant's willful, careless, reckless, and negligent actions, Third-Party Defendant stopped in and obstructed the Escape Chute, causing Plaintiff's injuries when Plaintiff slid down the Escape Chute and came into contact with the Third-Party Defendant.

21. SpaceX and Plaintiff have been damaged as a result of Third-Party Defendant's negligent actions.

22. The cost to repair the damaged slide is at least $98,300.00, which only includes the cost of the replacement chute hardware. Substantial additional engineering and other labor hour costs have been or will be incurred in responding to the damage caused by Third-Party Defendant's negligent conduct, including for removing and reinstalling the chute.

84914637;1

23. Prior to the incident, the Escape Chute was in good working condition and regularly maintained.

## COUNT I – COMMON LAW INDEMNITY

24. SpaceX adopts and incorporates the assertions contained in paragraphs 1 through 23 above as if fully set forth herein.

25. SpaceX is wholly without fault for Plaintiff's alleged injuries.

26. To the extent SpaceX is found liable to Scott Weil-Allen in the underlying action, any fault or liability would be vicarious, derivative, constructive, technical, passive, or secondary in nature, and arises solely, primarily, or substantially from the active negligence, fault, or wrongdoing of Third-Party Defendant.

27. Third-Party Defendant has a duty to indemnify SpaceX for all sums which may adjudged against it in favor of Plaintiff by virtue of Third-Party Defendant's active negligence.

**WHEREFORE**, SpaceX requests that this Court enter judgment (i) for indemnification as against Third-Party Defendant for its damages as may be determined in favor of Scott Weil-Allen in this action; (ii) awarding damages to SpaceX; (iii) awarding attorneys' fees, costs and interest to SpaceX; and (iv) awarding such other and further relief as the Court finds just and proper under the circumstances.

## COUNT II – CONTRIBUTION

28. SpaceX adopts and incorporates the assertions contained in paragraphs 1 through 23 above as if fully set forth herein.

29. Third-Party Defendant owed Plaintiff a duty to exercise reasonable care when using SpaceX's Escape Chute.

30. Third-Party Defendant breached that duty and standard of care by, *inter alia*, willfully, carelessly, recklessly, and negligently failing to utilize the Escape Chute pursuant to his training and in a safe and non-negligent manner.

31. As a direct and proximate result of Third-Party Defendant's breach of duty and standard of care, Third-Party Defendant caused injury to Plaintiff.

32. As a direct and proximate result of Third-Party Defendant's negligence, Plaintiff has suffered damages.

33. Third-Party Defendant is primarily and solely liable to Plaintiff, and SpaceX's liability, if any, is secondary and contingent upon Third-Party Defendant's actions.

34. If SpaceX is adjudged liable to Plaintiff, Third-Party Defendant is liable to SpaceX for contribution in proportion to Third-Party Defendant's equitable share of responsibility for Plaintiff's alleged injuries and damages.

35. SpaceX is entitled to judgment against Third-Party Defendant for contribution in an amount commensurate with Third-Party Defendant's percentage of fault, including any amounts paid in settlement that are reasonable and made in good faith.

**WHEREFORE**, SpaceX requests that this Court enter judgment (i) awarding contribution from Third-Party Defendant in an amount equal to Third-Party Defendant's equitable share of fault for Plaintiff's alleged injuries and damages,

84914637;1

including any sums paid in settlement reasonably and in good faith; (ii) awarding damages to SpaceX; (iii) awarding court costs and interest to SpaceX; and (iv) awarding such other and further relief as the Court finds just and proper under the circumstances.

## COUNT III – NEGLIGENCE

36. SpaceX adopts and incorporates the assertions contained in paragraphs 1 through 23 above as if fully set forth herein.

37. Third-Party Defendant owed SpaceX a duty to exercise reasonable care when using SpaceX's Escape Chute.

38. Third-Party Defendant breached that duty and standard of care by, *inter alia*, willfully, carelessly, recklessly, and negligently failing to utilize the Escape Chute pursuant to his training and in a safe and non-negligent manner.

39. As a direct and proximate result of Third-Party Defendant's breach of duty and standard of care, Third-Party Defendant damaged SpaceX's Escape Chute.

40. As a direct and proximate result of Third-Party Defendant's negligence, SpaceX has suffered damages.

**WHEREFORE**, SpaceX requests that this Court enter judgment (i) finding that Third-Party Defendant was negligent; (ii) awarding damages to SpaceX; (iii) awarding court costs and interest to SpaceX; and (iv) awarding such other and further relief as the Court finds just and proper under the circumstances.

DATED: January 5, 2026         Respectfully submitted,

                               By: */s/ William C. Handle*

84914637;1

Megan Costa DeLeon, Esq.
Florida Bar No. 0560731
William C. Handle, Esq.
Florida Bar No. 1002425
AKERMAN LLP
420 S. Orange Ave., Ste. 1200
Orlando, Florida 32801
Telephone: (407) 423-4000
Facsimile: (407) 843-6610
Primary Email: megan.deleon@akerman.com
Primary Email: william.handle@akerman.com
Secondary Email: wanda.thomas@akerman.com
Secondary Email: suzy.miller@akerman.com
Secondary Email: melissa.tejada@akerman.com
*Attorneys for Defendant, Space Exploration Technologies Corp.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 5, 2026, a true and correct copy of the foregoing was filed with the Clerk of the Court for the United States District Court for the Middle District of Florida by using its CM/ECF system, which will serve an electronic copy on all counsel of record.

*/s/ William C. Handle*
William C. Handle

84914637;1