UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SCOTT WEIL-ALLEN,**

     Plaintiff,

**v.**                                **Case No. 6:25-cv-01881-CEM-LHP**

**SPACE EXPLORATION
TECHNOLOGIES CORP.,**

     Defendant/Third-Party Plaintiff,

**v.**

**ANDREW MORGAN and
CHENEGA GLOBAL
PROTECTION, LLC,**

     Third-Party Defendants.

_____/

**SPACE EXPLORATION TECHNOLOGIES CORP.'S
AMENDED THIRD-PARTY COMPLAINT**

Defendant/Third-Party Plaintiff, Space Exploration Technologies Corp. ("SpaceX"), by and through undersigned counsel, hereby sues and files this Amended Third-Party Complaint against Third-Party Defendants Andrew Morgan, and Chenega Global Protection, LLC ("Chenega"), and states:

**Parties, Jurisdiction and Venue**

1. Third-Party Plaintiff SpaceX is a corporation incorporated and organized under the laws of Texas, with its principal place of business in Starbase, Texas.

2. Third-Party Defendant Andrew Morgan is a Florida resident residing in Volusia County, Florida.

3.      Third-Party Defendant Chenega is a foreign Limited Liability Company with its principal place of business in Alaska.  Chenega is authorized to do business in Florida and is currently operating within the state.

4.      Scott Weil-Allen ("Plaintiff") is a Florida resident residing in Brevard County, Florida.  Scott Weil-Allen is the Plaintiff in the underlying action.

5.      This Court has original jurisdiction over the claims in the Third-Party Complaint pursuant to 28 U.S.C. § 1331 because the subject incident occurred at Cape Canaveral Space Launch Complex 40 (SLC-40). SLC-40 is located on Cape Canaveral Space Force Station, a federal enclave.

6.      This Court may also exercise supplemental jurisdiction over the claims in the Third-Party Complaint pursuant to 28 U.S.C. § 1367(a) because the claims stated herein are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District.

### Factual Allegations

8.      SpaceX is the owner of an Inclined Escape Chute type AT-1 (the "Escape Chute") located at Cape Canaveral Space Launch Complex 40 (SLC-40).

2

9. Pursuant to contract, NASA requires that SpaceX provide pad rescue training for the Kennedy Space Center Fire Rescue personnel who will be servicing SLC-40 in the event of an emergency.

10. As part of this required training, the fire rescue personnel receive training on the emergency egress system, which includes among other things, familiarization with the emergency egress system and how to properly use the emergency egress system while wearing turnout gear.

11. NASA also requires that SpaceX allow the fire rescue personnel to slide down the Escape Chute as part of their training.

12. On February 28, 2025, Plaintiff and Andrew Morgan attended training at SLC-40, as required by SpaceX's contract with NASA.

13. Andrew Morgan participated in the training as an employee of Chenega, which provides fire rescue services at Kennedy Space Center. As such, Andrew Morgan was acting within the course and scope of his employment with Chenega.

14. During the training, Plaintiff and Andrew Morgan were expressly trained on how to properly slide down the Escape Chute.

15. Plaintiff and Andrew Morgan were expressly directed and trained that there are only two approved and trained configurations: (i) to remove their oxygen tank and slide down the Escape Chute feet first with oxygen tank on their lap; or (ii) slide down the Escape Chute on their stomach, headfirst with the oxygen tank on their back. Both of these approved and trained configurations are optimized for safety

because they minimize the risk of equipment catching on the interior of the Escape Chute, which can cause tearing or dangerously slow the rider.

16.     Plaintiff and Andrew Morgan were also directed *not* to remove their helmets while sliding down the Escape Chute in any scenario.

17.     Andrew Morgan owed Plaintiff and SpaceX a duty to exercise reasonable care when using SpaceX's Escape Chute.

18.     In the first two practice descents, Plaintiff and Andrew Morgan safely descended the Escape Chute using an approved and trained configuration.

19.     On the third and final descent evolution, and despite the training he had just received and successfully practiced, Andrew Morgan willfully, carelessly, recklessly, and negligently utilized the Escape Chute without exercising reasonable care and in an unapproved configuration.

20.     Specifically, Andrew Morgan willfully, carelessly, recklessly, and negligently elected *not* to utilize either one of the two approved and trained configurations.  Instead, Andrew Morgan willfully and negligently elected to slide down the Escape Chute feet first with the oxygen tank still attached to his back.

21.     As a direct and proximate result of Andrew Morgan's willful, careless, reckless, and negligent actions, Andrew Morgan caused significant damage to the Escape Chute due to the friction and tearing from his oxygen tank.

22.     Also, as a direct and proximate result of Andrew Morgan's willful, careless, reckless, and negligent actions, Andrew Morgan stopped in and obstructed

4

the Escape Chute, causing Plaintiff's injuries when Plaintiff slid down the Escape Chute and came into contact with Andrew Morgan.

23. SpaceX and Plaintiff have been damaged as a result of Andrew Morgan's negligent actions.

24. The cost to repair the damaged slide is at least $98,300.00, which only includes the cost of the replacement chute hardware. Substantial additional engineering and other labor hour costs have been or will be incurred in responding to the damage caused by Andrew Morgan's negligent conduct, including for removing and reinstalling the chute.

25. Prior to the incident, the Escape Chute was in good working condition and regularly maintained.

### COUNT I – COMMON LAW INDEMNITY
(Against Andrew Morgan)

26. SpaceX adopts and incorporates the assertions contained in paragraphs 1 through 25 above as if fully set forth herein.

27. SpaceX is wholly without fault for Plaintiff's alleged injuries.

28. To the extent SpaceX is found liable to Scott Weil-Allen in the underlying action, any fault or liability would be vicarious, derivative, constructive, technical, passive, or secondary in nature, and arises solely, primarily, or substantially from the active negligence, fault, or wrongdoing of Andrew Morgan.

29.    Andrew Morgan has a duty to indemnify SpaceX for all sums which may be adjudged against it in favor of Plaintiff by virtue of Andrew Morgan's active negligence.

**WHEREFORE**, SpaceX requests that this Court enter judgment (i) for indemnification as against Andrew Morgan for its damages as may be determined in favor of Scott Weil-Allen in this action; (ii) awarding damages to SpaceX; (iii) awarding attorneys' fees, costs and interest to SpaceX; and (iv) awarding such other and further relief as the Court finds just and proper under the circumstances.

### COUNT II – COMMON LAW INDEMNITY
(Against Chenega Global Protection, LLC)

30.    SpaceX adopts and incorporates the assertions contained in paragraphs 1 through 25 above as if fully set forth herein.

31.    SpaceX is wholly without fault for Plaintiff's alleged injuries.

32.    To the extent SpaceX is found liable to Scott Weil-Allen in the underlying action, any fault or liability would be vicarious, derivative, constructive, technical, passive, or secondary in nature, and arises solely, primarily, or substantially from the active negligence, fault, or wrongdoing of Andrew Morgan.

33.    At all times material hereto, Andrew Morgan was an employee of Chenega.

34.    At all times material hereto, Andrew Morgan was acting within the course and scope of his employment with Chenega.

35.     Under the doctrine of respondeat superior, Chenega is vicariously liable for the acts of its employee, Andrew Morgan, which were committed within the course and scope of Andrew Morgan's employment with Chenega.

36.     As Andrew Morgan's employer, Chenega is responsible for the training, supervision, and conduct of its employees, including Andrew Morgan.

37.     Chenega has a duty to indemnify SpaceX for all sums which may be adjudged against SpaceX in favor of Plaintiff by virtue of Andrew Morgan's active negligence, which was committed within the course and scope of Andrew Morgan's employment with Chenega.

**WHEREFORE**, SpaceX requests that this Court enter judgment (i) for indemnification as against Chenega Global Protection, LLC for its damages as may be determined in favor of Scott Weil-Allen in this action; (ii) awarding damages to SpaceX; (iii) awarding attorneys' fees, costs and interest to SpaceX; and (iv) awarding such other and further relief as the Court finds just and proper under the circumstances.

## COUNT III – CONTRIBUTION
### (Against Andrew Morgan)

38.     SpaceX adopts and incorporates the assertions contained in paragraphs 1 through 25 above as if fully set forth herein.

39.     Andrew Morgan owed Plaintiff a duty to exercise reasonable care when using SpaceX's Escape Chute.

7

40.     Andrew Morgan breached that duty and standard of care by, *inter alia*, willfully, carelessly, recklessly, and negligently failing to utilize the Escape Chute pursuant to his training and in a safe and non-negligent manner.

41.     As a direct and proximate result of Andrew Morgan's breach of duty and standard of care, Andrew Morgan caused injury to Plaintiff.

42.     As a direct and proximate result of Andrew Morgan's negligence, Plaintiff has suffered damages.

43.     Andrew Morgan is primarily and solely liable to Plaintiff, and SpaceX's liability, if any, is secondary and contingent upon Andrew Morgan's actions.

44.     If SpaceX is adjudged liable to Plaintiff, Andrew Morgan is liable to SpaceX for contribution in proportion to Andrew Morgan's equitable share of responsibility for Plaintiff's alleged injuries and damages.

45.     SpaceX is entitled to judgment against Andrew Morgan for contribution in an amount commensurate with Andrew Morgan's percentage of fault, including any amounts paid in settlement that are reasonable and made in good faith.

**WHEREFORE**, SpaceX requests that this Court enter judgment (i) awarding contribution from Andrew Morgan in an amount equal to Andrew Morgan's equitable share of fault for Plaintiff's alleged injuries and damages, including any sums paid in settlement reasonably and in good faith; (ii) awarding damages to SpaceX; (iii) awarding court costs and interest to SpaceX; and (iv) awarding such other and further relief as the Court finds just and proper under the circumstances.

## COUNT IV – NEGLIGENCE
(Against Andrew Morgan)

46.     SpaceX adopts and incorporates the assertions contained in paragraphs 1 through 25 above as if fully set forth herein.

47.     Andrew Morgan owed SpaceX a duty to exercise reasonable care when using SpaceX's Escape Chute.

48.     Andrew Morgan breached that duty and standard of care by, *inter alia*, willfully, carelessly, recklessly, and negligently failing to utilize the Escape Chute pursuant to his training and in a safe and non-negligent manner.

49.     As a direct and proximate result of Andrew Morgan's breach of duty and standard of care, Andrew Morgan damaged SpaceX's Escape Chute.

50.     As a direct and proximate result of Andrew Morgan's negligence, SpaceX has suffered damages.

**WHEREFORE**, SpaceX requests that this Court enter judgment (i) finding that Andrew Morgan was negligent; (ii) awarding damages to SpaceX; (iii) awarding court costs and interest to SpaceX; and (iv) awarding such other and further relief as the Court finds just and proper under the circumstances.

## COUNT V – NEGLIGENCE (RESPONDEAT SUPERIOR)
(Against Chenega Global Protection, LLC)

51.     SpaceX adopts and incorporates the assertions contained in paragraphs 1 through 25 above as if fully set forth herein.

52.     At all times material hereto, Andrew Morgan was an employee of Chenega.

9

53. At all times material hereto, Andrew Morgan was acting within the course and scope of his employment with Chenega.

54. As set forth above, Andrew Morgan owed SpaceX a duty to exercise reasonable care when using SpaceX's Escape Chute.

55. Andrew Morgan breached that duty by, *inter alia*, willfully, carelessly, recklessly, and negligently failing to utilize the Escape Chute pursuant to his training and in a safe and non-negligent manner.

56. As a direct and proximate result of Andrew Morgan's breach of duty and standard of care, Andrew Morgan damaged SpaceX's Escape Chute and SpaceX has suffered damages.

57. Under the doctrine of respondeat superior, Chenega is vicariously liable for the negligent acts of its employee, Andrew Morgan, which were committed within the course and scope of Andrew Morgan's employment with Chenega.

**WHEREFORE**, SpaceX requests that this Court enter judgment (i) finding that Chenega Global Protection, LLC is vicariously liable for the negligent acts of its employee, Andrew Morgan, under the doctrine of respondeat superior; (ii) awarding damages to SpaceX; (iii) awarding court costs and interest to SpaceX; and (iv) awarding such other and further relief as the Court finds just and proper under the circumstances.

DATED: July 9, 2026                Respectfully submitted,

                                        By: */s/ William C. Handle*
Megan Costa DeLeon, Esq.
Florida Bar No. 0560731
William C. Handle, Esq.
Florida Bar No. 1002425
AKERMAN LLP
420 S. Orange Ave., Ste. 1200
Orlando, Florida 32801
Telephone: (407) 423-4000
Facsimile: (407) 843-6610
Primary Email: megan.deleon@akerman.com
Primary Email: william.handle@akerman.com
Secondary Email: wanda.thomas@akerman.com
Secondary Email: suzy.miller@akerman.com
*Attorneys for Defendant, Space Exploration Technologies Corp.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 9, 2026, a true and correct copy of the foregoing was filed with the Clerk of the Court for the United States District Court for the Middle District of Florida by using its CM/ECF system, which will serve an electronic copy on all counsel of record.

                                        */s/ William C. Handle*
                                        William C. Handle